## JACOB D. HERKIMER

v.

## HIRAM SHARP.

PROCESS—SERVICE IN FOREIGN COUNTY.—Process issued from Richland County Court against W., residing in Richland county, and H., residing in Coles county, and was served upon both defendants.    W. appeared and plead to the action, H. failing to enter appearance.    On the third day of the term the suit was dismissed as to W., the resident defendant, and judgment rendered by default against H., the non-resident defendant, for $200.    *Held*, that the jurisdiction over H., the non-resident defendant, depended upon retaining jurisdiction over the resident defendant, and when that was destroyed by dismissal as to W., the court had no jurisdiction to render judgment by default against the non-resident defendant.

ERROR to the County Court of Richland county; the Hon. F. D. PRESTON, Judge, presiding.    Opinion filed April 2, 1880.

Mr. JOHN H. HALLEY and Mr. CHARLES BENNETT, for plaintiff in error; cited Rev. Stat. Ch. 110, § 2.

BAKER, P. J.    This was trover by Hiram Sharp, the defendant in error, brought to the July term, 1879, of the County Court of Richland county, against the plaintiff in error, Jacob D. Herkimer, and one John Wolf.    The præcipe asked a summons to Coles county for Herkimer, one of the defendants, and

to Richland county for Wolf, the other defendant. The summons issued to Richland county was served on Wolf, and the return showed that Herkimer was not found in Richland county. The summons issued to Coles county was served on Herkimer, and the return showed that Wolf was not found in Coles county. On the first day of the term, Wolf the defendant residing in Richland county, appeared in person and filed a plea of "not guilty." On the third day of the term the suit was dismissed, as to the defendant Wolf, and at the same time a default was entered against the defendant Herkimer, and judgment rendered against him for $200 and costs. Section 2 of the Practice Act, as it now stands, reads as follows: "It shall not be lawful for any plaintiff to sue any defendant out of the county where the latter resides or may be found except in local actions, and except that in every species of personal actions in law where there is more than one defendant, the plaintiff commencing his action where either of them resides, may have his writ or writs issued directed to any county or counties where the other defendant, or either of them, may be found. Provided, that if a verdict shall not be found or a judgment rendered against the defendant or defendants resident in the county where the action is commenced, judgment shall not be rendered against those defendants who do not reside in the county, unless they appear and defend the action." R. S. 1874, p. 775; Laws of 1877, p. 146.

The right of a party to be sued in the county where he resides, and have his cause tried there, is a statutory, substantial and meritorious right. Humphrey v. Phillips, 57 Ill. 132; Drake v. Drake, 83 Ib. 526; Safford v. Sangamon Ins. Co. 88 Ib. 296. Under our statutes as they stood prior to 1872, it was held, after the decision in Kenny v. Greer, 13 Ill. 432, that the defendant, when improperly sued in a foreign county, must plead in abatement or to the jurisdiction.

The same rule and practice would obtain in most cases arising under the present statute. But there could be no plea in abatement in cases like the one now under consideration. The determination of the question whether Herkimer could be sued in Richland county, depended upon the result of the litiga-

tion as against Wolf, the resident defendant. There was no fact that Herkimer could plead in abatement, for the court had in one sense jurisdiction over him until it was ascertained a judgment was not rendered against the resident defendant. He could not appear and defend the action, for that act would have given the court jurisdiction to render judgment against him. He was in a position where he could show nothing in abatement, and where he could not appear and defend without waiving a substantial statutory right, and giving the court jurisdiction. But he was also in such position that the court could render no judgment against him without also rendering judgment against the resident defendant. Under the circumstances of the case, all that plaintiff in error could do without prejudice to his rights was to refrain from doing anything.

We think the fact of non-residence sufficiently appears from the record. The præcipe and the writs and the returns thereon raise a presumption that Herkimer was a resident of Coles county, and Wolf a resident of Richland. Unless such presumption obtains in a case like this where the fact could not appear otherwise, then this statute that purports to give a substantial right, is a delusion and a snare, and may in all cases be evaded by abusing the process of the courts, and joining a resident with a non-resident defendant, and then dismissing as to the resident defendant before final judgment.

We are of the opinion that the court below had no jurisdiction or power to render the judgment, and it is reversed and the cause remanded.

Reversed and remanded.