THE COMMERCIAL NATIONAL BANK

*v.*

FREEMAN CAUNIFF.

*Filed at Ottawa, June 19, 1894.*

1. APPEALS—*where no question of law is preserved, the judgment of the Appellate Court is final.* Where a declaration alleges a good cause of action, and there is issue, and no propositions of law are presented to the trial court, and no exceptions are taken to the rulings of the court in admitting or excluding testimony, and no question of law otherwise arises on the record, as made before the trial court, the finding of that court on the facts, which is affirmed by the Appellate Court, is conclusive on this court, and no question of law exists to be considered by this court.

2. However erroneous any statement may be as to what the law is in an opinion on a case by the Appellate Court, this court can not look to that opinion to determine a question on a ruling of that court or of the trial court, but must look to the judgment.

3. SAME—*certificate of importance—as raising a question of law.* A certificate of the Appellate Court that a case involves questions of law by reason of principal and collateral interests involved, does not present questions of law for this court where the record of the trial court presents no question of law.

APPEAL from the Appellate Court for the First District; —heard in that court on appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.

Messrs. WEIGLEY, BULKLEY & GRAY, for the appellant.

Messrs. ANDREWS, MILLER & GETTYS, for the appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the Court:

Appellant sued out a writ of attachment from the Superior Court of Cook county against one McCahill, and levied on a stock of boots and shoes and other articles in a certain building formerly occupied by McCahill as a store. A trial was had before the court, a jury being waived, and a verdict and judgment were entered for the claimant. No propositions or questions of law were presented, that are involved in this record, to be passed on by the trial court. The Appellate Court affirmed the judgment on appeal, and then certified, that questions of law were involved, of such importance on account of principal and collateral interests, that they should be passed upon by the Supreme Court. On the trial of the case in the Superior Court, claimant offered proof as to his ownership of the attached property, and made out a *prima facie* case, and the appellant offered proof showing McCahill's signs were on the windows and awning of the building at the time of the levy, and an employé in charge of the store was one formerly in the employ of McCahill. No evidence was offered by appellant of any indebtedness of McCahill to it, and in the opinion of the Appellate Court that question is discussed, and the opinion expressed by that court, that in the absence of proof that appellant was a creditor, the *prima facie* case of plaintiff could not be assailed by it. The entire discussion of the question of law sought to be raised in this court by appellant, arises not on the record made before the trial court, but on the opinion of the Appellate Court. When a declaration alleges a good cause of action, and there is issue and trial thereon, and no propositions of law are presented to the trial court, and no exceptions are taken to the rulings of the court in admitting or excluding testi-

mony, and no question of law otherwise arises on the record as made before the trial court, the finding of that court on the facts, which was affirmed by the Appellate Court, is conclusive on this court, and no question of law exists to be considered here. *The American Exchange National Bank* v. *Chicago National Bank,* 131 Ill. 547. However erroneous any statement may be as to what the law is, in an opinion on a case by the Appellate court, this court · can not look to that opinion to determine a question on a ruling of that court or of the trial court, but must look to the judgment. *Christy* v. *Stafford,* 123 Ill. 463; *Dunham Wrecking Co.* v. *Dandelin,* 143 id. 409. A certificate, that a case involves questions of law, by reason of principal and collateral interests involved, does not present questions of law for this court, where the record of the trial court presents no question of law. The judgment is affirmed.          *Judgment affirmed.*