|108    493|
|a207s  630|

### F. O. Harrison v. National Bank of Monmouth.

1.  STATUTES—*Sec. 2, Ch. 110, R. S., Construed.*—The requirements of Sec. 2, Ch. 110, R. S., as to the residence of the defendant, are satisfied by proof of actual residence.

2.  PROCESS—*Office of.*—The service of process is for the purpose of giving the court jurisdiction of the person of the defendant, and such

jurisdiction when obtained by his voluntary act in entering his appearance, is equally effective.

3. PRACTICE—*Defendant Having Appeared, is Not Dismissed by Withdrawing His Plea*—After a defendant has entered his appearance the subsequent withdrawal of his plea does not withdraw his appearance or deprive the court of jurisdiction of his person, or the plaintiff of its rights required by the entry of such appearance.

4. SAME—*What is Required to Give Court Jurisdiction to Render Judgment Against a Non-Resident Defendant.*—All that is required to give the court jurisdiction to render judgment against a non-resident defendant, not served with process in the county where the case is pending, and who is sued with others, is jurisdiction of a resident defendant against whom a judgment is also rendered.

5. SAME—*Non-Resident Joint Defendant Has No Voice in the Conduct of the Suit.*—Where a resident and non-resident are made defendants to a suit the resident defendant has a right to determine for himself the course he will pursue as to the litigation, as the outcome of the suit determines nothing as to the relative rights of the defendants.

6. BILLS AND NOTES—*Statute of 1895, Relating to Negotiable Instruments, Liberally Construed.*—The statute relating to negotiable instruments is remedial in character, and should be given a liberal construction.

7. SAME—*Diligence Required by Law of Indorsee May be Waived by Indorser.*—While the law requires the indorsee of a promissory note to exercise certain diligence to collect the note from the maker before he could make the indorser or assignor pay it, yet this requirement is imposed for the benefit and protection of the indorser or assignor, and as between him and the indorsee he can waive the condition.

Assumpsit, on a promissory note. Appeal from the Circuit Court of Warren County; the Hon. JOHN A. GRAY, Judge presiding. Heard in this court at the April term, 1903. Affirmed. Opinion filed June 8, 1903.

C. H. LAYMAN, attorney for appellant.

J. B. BROWN and L. L. LEGG, attorneys for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

This was an action of assumpsit in the Circuit Court of Warren County on a promissory note given by F. O. Harrison and Allen Jones to O. T. Kimmel, who sold and indorsed it to the National Bank of Monmouth, plaintiff in the court below and appellee here. The suit was by the appellee as owner of the note against the makers and indorser under the act of 1895.

The trial, which was before the court without a jury, resulted in a finding and judgment for the amount of the note, against Harrison as maker and Kimmel as indorser. Harrison appeals.

It was stipulated that Harrison did not reside in Warren county. Jones was not found nor served with process, and did not appear. Kimmel was not served, but appeared and filed a plea of the general issue. Harrison pleaded in abatement that he was not a resident of Warren county, where the suit was planted and pending, but that he was a resident of Franklin county, Illinois, where he had resided for the past ten years. The plea further averred that neither Kimmel nor Jones, his co-defendants, were residents of or served with process in Warren county. Issue was joined upon the plea. The only controverted question was whether Kimmel resided in Warren county. If he did not, the plea should have been sustained and the suit abated as to Harrison. If he did, the issue upon the plea should have been found against Harrison, as was done. Section 2, chapter 110 of the statute, provides that it shall not be lawful for any plaintiff to sue any defendant out of the county where the latter resides or may be found, except in local actions, and except that in every specie of personal actions in law where there is more than one defendant, the plaintiff commencing his action where either of them resides, may have his writ or writs issued or directed to any county or counties where the other defendant, or either of them, may be found. Provided, that if a verdict shall not be found or judgment rendered against the defendant or defendants resident in the county where the action is commenced, judgment shall not be rendered against those defendants who do not reside in the county, unless they appear and defend the action.

While the proof showed Kimmel was not continuously in Warren county and that he had formerly been a resident of Mt. Vernon, Jefferson county, Illinois, and had spent a considerable time in California for his health, we are of the opinion that the evidence warranted the finding of the

trial court that he resided in Warren county at the time of the commencement of the suit and thereafter to the time of the trial. The requirements of the statute are fulfilled by proof of actual residence. Hamilton v. Dewey, 22 Ill. 490; Sandusky v. Sidwell, 173 Ill. 495.

Upon the trial of this case, after the proofs were closed, Kimmel withdrew his plea of the general issue, substituted his written appearance and submitted to a default. The court found against Harrison on the issue presented by the plea in abatement, heard proof as to the measure of plaintiff's damages and entered the following finding and judgment:

" The court having heard all the testimony offered on the part of all the parties, and being now fully advised in the premises, and upon consideration thereof finds the issues herein for the plaintiff and assesses its damages at the sum of two hundred eighty-eight and 71-100 dollars ($288.71). It is therefore ordered and adjudged by the court that the plaintiff have and recover of and from the said defendant O. T. Kimmel as indorser, by reason of his default, as well the said sum of two hundred eighty-eight and 71-100 dollars ($288.71) so found due by the court aforesaid, as also its costs and charges herein expended, and may have execution for the collection of the same; and the court further finds the issues herein for the plaintiff and assesses its damages at the sum of two hundred eighty-eight and 71-100 dollars ($288.71). It is therefore ordered and adjudged by the court that the plaintiff have and recover of and from the said defendant F. O. Harrison as maker, upon his plea of abatement, as well the said sum of two hundred eighty-eight and 71-100 dollars ($288.71) so found due by the court as aforesaid, as also its costs and charges herein expended, and may have execution therefor, the foregoing judgments to be without prejudice to the rights of said defendants as between themselves."

It is contended that because Kimmel entered his voluntary appearance, instead of appearing in response to service of process, the court did not acquire jurisdiction of him, although he may have been an actual resident of Warren county. There is no merit in the contention. All that the service of process could accomplish would be to give the court jurisdiction of the person of the defendant. This was

conferred by his voluntary act in entering his appearance by filing the plea of the general issue. The subsequent withdrawal of this plea did not withdraw his appearance or deprive the court of jurisdiction of his person, or the plaintiff of its rights acquired by the entry of such appearance. Kimmel then stood before the court in the same attitude as though he had been duly served with process and had failed to plead. The entry of his written appearance, after withdrawing his plea, was a wholly superfluous and idle act so far as affecting the jurisdiction of the court over Kimmel. It did not affect the jurisdiction of the court or change the relation or rights of the parties toward each other. The withdrawal of the plea was not a dismissal of the case as to Kimmel, or a severance of him from the record at the time of the rendition of the judgment, as was the status of the record in Herkimer v. Sharp, 5 Ill. App. 620, relied upon by appellant.

The statute of 1895 relating to negotiable instruments, is remedial in character and should be given a liberal construction to enable the accomplishment of the commendable object for which it was passed. Its object is to avoid the cost and inconvenience of a multiplicity of suits upon a note, or bill of exchange, by authorizing the payee or holder to sue all parties liable thereon, in one action, and to recover a judgment against them according to their respective liabilities, without prejudice to their rights between themselves.

Here the liability of Harrison was that of an original maker of the note, while the liability of Kimmel was that of an indorser. The liability of each was separate, different and independent of each other. Neither defendant could be heard to deny that the other was liable to the plaintiff. In Oxman v. Garwood, 80 Ill. App. 658, the court said:

" By the express terms of the note sued on in this case, the appellants, as makers, were primarily liable to pay the same at maturity to Harris, the payee, or to whomsoever he might assign the same, and when Harris, for value, in

June or July, 1896, assigned the note to the appellee, he not only thereby transfers title thereto, but thereby also agreed with the appellee, as his indorsee, that the makers would pay him the note at maturity, and in case they did not, that he (Harris) would pay it, if the appellee would exercise that diligence to collect it from the makers which the law required. And while it is true the act of 1874, both before, and as amended in 1895, requires the indorsee of such a note as the one sued on in this case to exercise certain diligence to collect the note from the maker before he could make the indorser (or assignor) pay it, yet this requirement was imposed for the benefit and protection of the indorser (or assignor); and it is a matter of no concern to the makers whether the indorsee (or assignee) exercised the required diligence or not, for the reason that the maker's liability to pay the note was not in the least changed or affected thereby. If the indorser waived the performance of the required diligence the maker could not complain on that account, because his liability was not thereby increased or in any manner changed."

And in Telford v. Garrels, 132 Ill. 557, the court said:

" It is true, that, under our statute, the assignee of a note can not recover against the assignor or indorser, until he has prosecuted the maker to insolvency, or shown that a suit against him would be unavailing. But the condition thus imposed is for the benefit and protection of the assignor. As between him and the assignee he can waive the condition. Such waiver is a matter of no concern to the maker and can do him no harm. By it his liability is not increased in any way."

All the practice act required to give the court jurisdiction to render judgment against a non-resident defendant, not served with process in the county where the case is pending, and who is sued with others, is jurisdiction of a resident defendant against whom a judgment is also rendered. While the averments of the declaration against the resident defendant may be obnoxious to demurrer at his instance, but sufficient after verdict, or a finding by court where the trial is without a jury, to maintain a judgment, the non-resident defendant who is joined upon an independent liability, as in this case, may neither demur on that ground nor complain that his co-defendant did not. The resident

Smith v. The People.

defendant has a right to determine for himself the course he will pursue as to the litigation. And as the outcome of the suit determines nothing as to the relative rights of the defendants thus served upon independent grounds of liability, the conduct of the one, as to the course he shall pursue in pleading or conducting his defense or confessing liability, is a matter of no legal concern to the other. In this case, independent of the common counts, the declaration contained but one count which attempted to charge Kimmel with liability; and that count charged the liability defectively. We think, however, it was sufficient after verdict or finding of fact by the court.

Harrison, the appellant, saw fit to abide by his defense made upon the plea of abatement. The issue was properly determined against him. Having elected to go to trial and rely upon an unfounded plea, he is concluded as to the merits of the case except as to the amount of the plaintiff's damages. (The Italian-Swiss Agricultural Colony v. Pease, 194 Ill. 98.) It is not assigned for error or argued that the damages are excessive. The judgment of the Circuit Court is affirmed.