F. O. HARRISON

*v.*

THE NATIONAL BANK OF MONMOUTH.

*Opinion filed February 17, 1904.*

1. APPEALS AND ERRORS—*when certificate of importance presents no question for consideration.* A certificate of importance from the Appellate Court presents no question for the consideration of the Supreme Court in a suit at law, unless the record shows questions of law to be passed upon.

2. SAME—*question of defendant's residence is one of fact.* Whether one defendant was a resident of the county where the suit was brought, so as to give jurisdiction, under section 2 of the Practice act, of a defendant in another county, is a question of fact.

3. SAME—*question of law cannot be considered unless preserved for review.* Whether the liability of the defendants in an action on a promissory note is joint, so as to give jurisdiction of the person of one of them who is not a resident of the county where the suit is brought, is a question of law, and, where the trial is had without a jury, should be preserved for review by submitting a proposition of law to be held or refused.

*Harrison* v. *National Bank of Monmouth,* 108 Ill. App. 493, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Warren county; the Hon. JOHN A. GRAY, Judge, presiding.

C. H. LAYMAN, for appellant.

J. B. BROWN, and L. L. LEGG, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

This was an action of assumpsit, brought to the September term, 1901, of the Warren county circuit court by the National Bank of Monmouth, against F. O. Harrison, Allen Jones and O. T. Kimmel, Harrison and Jones being the makers of the promissory note sued on and Kimmel being endorser thereon. Summons was issued directed to the sheriff of Franklin county for Harrison and Jones and to the sheriff of Warren county for Kimmel. The

summons issued to Franklin county was returned to the clerk of the Warren county circuit court, with the endorsement of the sheriff showing service as to appellant, Harrison, and not served as to Jones, and the summons to Warren county was returned showing defendant not found. Appellant, Harrison, filed his plea in abatement to the jurisdiction of the court, to which replication was filed. Kimmel appeared and filed the general issue, and upon the day of trial Kimmel withdrew his plea of general issue and entered his appearance and allowed a default to be taken as to him. A jury was waived and both matters of law and fact were submitted to the court, and after the introduction of evidence as to the place of residence of Kimmel, the court found the issues for the plaintiff and entered judgment against appellant upon his plea in abatement in the sum of $288.71, and judgment by default against Kimmel for the same amount. An appeal was prosecuted to the Appellate Court by appellant, Harrison, where the judgment of the circuit court was affirmed, and the case is brought to this court upon a certificate of importance.

The cause was tried before the court without a jury and no propositions of law were submitted, and there are therefore no questions of law before this court for review. The certificate of the Appellate Court certifying a cause to this court does not present any question for the consideration of this court unless the record shows questions of law to be passed upon. *Commercial Nat. Bank* v. *Cauniff*, 151 Ill. 329.

Two questions are presented by the record. The first is as to whether the defendant Kimmel was a resident of Warren county, so as to give the court jurisdiction of a defendant in another county, under section 2 of the Practice act, and this being a question of fact and having been decided adversely to appellant by the Appellate Court, its judgment is final. Under the second, appellant urges that to authorize suit against him, a resident of

Franklin county, in a court in Warren county, his liability, and that of Kimmel, his co-defendant, must be a joint liability, and that appellant's liability as maker and the liability of Kimmel as endorser is not, under our statute, a joint liability, although the statute authorizes a joint action in such cases. If appellant desired to preserve that question for the consideration of this court he should have presented to the trial court a proposition to be held or refused by that court under section 42 of the Practice act, and the holding of the trial court thereon could have been reviewed by this court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*