## SCHENBECK v. FIRST NAT. BANK OF GRANDFIELD et al.

No. 8378—Opinion Filed Nov. 20, 1917.

Rehearing Denied Jan. 8, 1918.

(169 Pac. 619.)

### 1. Garnishment—Intervention— Satisfaction of Judgment—Effect.

Where one intervenes in a garnishment proceeding and claims the funds in possession of the garnishee and withdraws his petition of intervention, and fails to prosecute his claim for the funds garnisheed, the garnishee is under no obligation to such claimant to serve notice upon him of the garnishment proceeding or to interpose any defense in behalf of such claimant, and the garnishee has a right to presume that such claimant, by his acts, has abandoned his claim to ownership of the funds garnisheed in the hands of the garnishee, and the judgment of the court wherein the garnishment is pending requiring the garnishee to pay the funds in his hands to the satisfaction of a judgment in favor of plaintiff, and the garnishee having complied with such judgment, is binding on such claimant.

### 2. Sales—Action for Price—Recovery—Evidence.

The evidence of the plaintiff in this case is examined, and it is held that the evidence is not sufficient to entitle the plaintiff to recover in this cause against the defendants First National Bank of Grandfield and Armour & Co., and that the court properly sustained a demurrer to said evidence.

(Syllabus by Pryor, C.)

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by William Schenbeck against the First National Bank of Grandfield, Okla., Armour & Co., and J. C. Eversole. Judgment for defendant bank and for Armour & Co.. and plaintiff brings error. Affirmed.

Mounts & Davis and Chas. L. Moore, for plaintiff in error.

Wilson & Roe and Keaton, Wells & Johnston, for defendants in error.

Opinion by PRYOR, C. This action was commenced in the district court of Tillman

county by William Schenbeck against the First National Bank of Grandfield, Armour & Co., and J.C. Eversole to recover the sum of $743.70, the agreed purchase price for certain hogs sold and delivered to the said Eversole by the plaintiff, William Schenbeck. The parties appear in this court as they appeared in the trial court, and will be referred to as plaintiff and defendants.

The petition, in effect, and so far as is material to the determination of the questions presented here, states that on the 13th day of April, 1914, a verbal contract existed between the defendant Eversole and the defendant bank whereby it was agreed that J. C. Eversole should buy hogs in the county of Tillman and issue checks in payment therefor on said bank, and that the bank agreed to pay the checks issued on presentation; that the hogs so purchased should be the property of the bank, and should be shipped in its name to the market at Ft. Worth, Tex., and from the proceeds of the sale the bank should be fully reimbursed for the checks drawn on it by the said Eversole; that on said date the said Eversole bought from the plaintiff a certain number of hogs, the agreed purchase price thereof being $658, and on the same date he bought hogs from C. W. Lowrey, the agreed purchase price amounting to $19.60, and from Rob Cox a certain number of hogs, the agreed purchase price amounting to $66.10, and all of said hogs were delivered to the said Eversole, who issued his check to the several parties upon said bank in payment of the purchase price; that all of said checks, when sent to the bank for payment, were dishonored; that the plaintiff now holds both the check of Cox and Lowery by assignment; that the said bank shipped said hogs to the market at Ft. Worth and delivered the same to Armour & Co., who accepted same at a purchase price of about $800, with full notice and knowledge of plaintiff's rights; that demand has been made upon Armour & Co. for the payment of the agreed purchase price therefor or the return of the hogs, which has been refused.

The answer of the defendant bank consists of a general denial. The answer of the defendant, Armour & Co., sets up the defense that on the 13th day of May, 1912, an action was commenced in the district court of Tarrant county, Tex., by Clay-Robinson & Co. to recover judgment for $811.40 against J. C. Eversole, Roy C. Smith, and the Farmers' & Merchants' Bank of Grandfield, Okla.; that in said action a garnishment summons was served upon the said Armour & Co.; that the garnishment proceeding was docketed separately, and entitled Clay-Robinson Co. v. Armour & Co. Said Armour & Co. answered in said garnishment proceeding that at the time of the service of said writ the company was indebted to J. C. Eversole in the sum of $811.40, the same being the amount due for the hogs sold to Armour & Co. as described in plaintiff's petition; that on the 20th day of June, 1914, the plaintiff William Schenbeck, by leave of court, intervened in said garnishment proceedings by plea of intervention, claiming the sum of $743.70 of the funds held by said Armour & Co., garnishee, as the proceeds of the particular hogs purchased by Eversole from Lowrey, Cox, and Schenbeck, and asked for judgment against Armour & Co. for said amount or the return of said hogs; that on the 18th day of February, 1915, the said Tarrant district court rendered judgment in said cause for the payment by Armour & Co. of the full amount of $811.40 in its hands as garnishee to apply on the judgment of $1,240.51 which Robinson & Co. had obtained against J. C. Eversole. Armour & Co. paid said amount in accordance with the judgment of the Texas court.

The reply of the plaintiff is, in effect, a general denial, and further states that, while the plaintiff at one time filed a plea of intervention, he had withdrawn said plea by leave of court prior to the time that Armour & Co. became a party to the suit, and that the plaintiff is not bound by the judgment of that court.

On the 15th day of December, 1915, the cause came on for trial before the court and jury, and after plaintiff had introduced his evidence the defendants the First National Bank and Armour & Co. interposed a demurrer to the evidence of the plaintiff, which was by the court sustained, and judgment rendered for the said bank and the said Armour & Co. From this judgment the plaintiff, William Schenbeck, prosecutes his appeal.

The assignment of error here urged by the plaintiff in error is that the court erred in sustaining the demurrer interposed by the defendants the first National Bank and Armour & Co. to the evidence of the plaintiff.

An examination of the evidence of the plaintiff contained in the record discloses the fact that the evidence does not tend to show that the defendant bank was concerned in any manner in the transaction between the plaintiff and the defendant Eversole in the sale and purchase of said hogs, or that the bank had any interest in said transaction or acquired any interest in the hogs by reason of a purchase of the hogs from Eversole, or that the plaintiff relied on any con-

duct of the bank or on any relation that might have existed or did exist at the time of the sale of said hogs to Eversole between the bank and the said Eversole. The evidence shows that the hogs were shipped in the name of Eversole, and that the bank was in no wise connected with the transaction, except that the checks in payment for the hogs were issued on it. The court therefore committed no error in sustaining the demurrer to the evidence as to the defendant bank.

As above set out, the plaintiff intervened in an action in the district court of Tarrant county wherein the defendant Armour & Co. was garnishee, and the proceeds of the sale of said hogs was garnisheed in its hands and asked that he be adjudged the owner of the proceeds, and that Armour & Co. be required to pay the same to him, in which cause the Texas court awarded judgment against defendants, J. C. Eversole and others and ordered the payment by Armour & Co. of the proceeds of the sale of said hogs to apply on the payment of said judgment. The record shows that, after the plaintiff intervened and had submitted to the jurisdiction of the Texas court for adjudication of the controversy in regard to these hogs and the proceeds of the sale thereof, he abandoned and withdrew his plea of intervention, and allowed the Texas court to compel the defendant, Armour & Co., to pay said proceeds into court and apply the same on the judgment of that court in said cause. Clearly by his actions plaintiff waived any claim he might have against Armour & Co. in regard to the sale of these hogs and the proceeds thereof, and by allowing the court to compel said Armour & Co. to pay the proceeds into court, as garnishee, to apply on said judgment, he is now estopped to assert any further claim against the defendant Armour & Co.

The plaintiff having intervened in said cause to prosecute his claim for the funds in the possession of Armour & Co., and having asked that the company be required to pay for said hogs or return the same, the company was relieved from giving him any notice of the garnishment, and had a right to rely upon him to prosecute his claim, and was under no obligation to make any defense for him. It also had a right to presume that, when he failed to prosecute his claim further, he had abandoned his claim, and did not care to push his claim further. The judgment of the Texas court became binding on all parties, including the plaintiff, William Schenbeck.

When a party has once appeared and submitted himself to the jurisdiction of the court, the withdrawal of his plea does not oust the court of its jurisdiction to determine the controversies and claims relative to the subject-matter for or against such person. Harrison v. Nat. Bank of Monmouth, 108 Ill. App. 493; Id., 207 Ill. 630, 69 N. E. 871; Williams v. Huling, 43 Tex. 113; Eldred v. Michigan Ins. Bank, 17 Wall. (84 U. S.) 545, 21 L. Ed. 685.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.