THIRD DISTRICT—APRIL, 1921.      581

Moorehouse v. Travelers' Protective Assn. of A., 221 Ill. App. 581.

## Jennie E. Moorehouse, Appellee, v. Travelers' Protective Association of America, Appellant.

1. INSURANCE—*voluntary exposure under accident policy.* Under a certificate of membership in a travelers' protective association providing that there shall be no liability in case of injuries caused wholly or in part by voluntary or unnecessary exposure by the insured to danger or obvious risk of injury, the question whether plaintiff's intestate did or did not so expose himself was one of fact for the jury, where there was ample evidence to justify the jury in finding that he did not so expose himself.

2. INSURANCE—*what evidence admissible on claim of voluntary exposure under accident policy.* In an action against an accident insurance association to recover for death, where the policy provided that there should be no liability in case of unnecessary or voluntary exposure to danger or obvious risk of injury, where decedent was struck by an engine while he was walking at a curve in the tracks while the wind was blowing smoke down on the tracks where he was walking, it was not error to admit evidence as to other persons walking on the track.

3. INSURANCE—*construction of limiting clause in accident policy.* A certificate of membership in a protective association, which provided that there should be no liability for injuries caused by voluntary or unnecessary exposure to danger or obvious risk of injury, will be construed against the association, and the word "voluntary" given its usual and ordinary meaning.

Appeal from the Circuit Court of Schuyler county; the Hon. GUY R. WILLIAMS, Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed April 19, 1921.

L. A. JARMAN, for appellant.

GLASS & BOTTENBERG, for appellee; B. O. WILLARD, of counsel.

MR. JUSTICE WAGGONER delivered the opinion of the court.

Appellee brought an action in assumpsit against appellant on a certificate of membership made and delivered to Clarence E. Moorehouse, husband of ap-

582          Appellate Courts of Illinois.

Moorehouse v. Travelers' Protective Assn. of A., 221 Ill. App. 581.

pellee, in which appellee was the beneficiary and was to receive $5,000 if her husband was killed by accidental means.

On January 19, 1919, while walking north on one of the tracks on the right of way of the Chicago, Burlington & Quincy Railroad Company, about a mile south from Frederick, Illinois, Clarence E. Moorehouse was struck and killed by a locomotive engine.

The railroad, at the point in question, has two tracks running in a northerly and southerly direction. A freight train was going north on one of the tracks and an engine, with a caboose attached, was going south on the other track. Clarence E. Moorehouse was struck by the engine drawing the caboose and instantly killed. There was a curve in the tracks at the place of the accident and the wind was blowing smoke down on the track where he was walking. The evidence shows that Moorehouse could not tell whether the smoke was from the engine, on the freight train, that was going past him or from the engine approaching and that struck him.

The certificate of membership provides that the "association shall not be liable in case of injuries, fatal or otherwise, inflicted by a member on himself while sane or insane, * * * or death or disability when caused wholly or in part by * * * voluntary or unnecessary exposure to danger, or to obvious risk of injury, or * * * while violating the law or violating the ordinary rules of safety of transportation companies."

A verdict was rendered by a jury in favor of appellee and against appellant for the amount of the certificate and interest thereon.

Appellant claims the trial court should have given a peremptory instruction to find in its favor on the ground that the death of Clarence E. Moorehouse was caused (1) by his voluntary exposure to danger; (2) by his unnecessary exposure to danger; (3) by

his voluntary exposure to obvious risk of injury; and (4) by his unnecessary exposure to obvious risk of injury. Appellant further claims that there was no conflicting evidence as to the material facts in the case and that upon such facts whether or not appellant is liable is a question of law for the court. Appellant has presented an exhaustive brief citing a large number of cases from various States holding in substantial accord with its contentions but, under the authority of the Supreme Court of this State, we hold that the evidence in the record before us presented a question of fact for a jury. There was ample evidence to justify the jury in finding that the insured did not voluntarily expose himself to danger; that he did not unnecessarily expose himself to danger; that he did not voluntarily expose himself to obvious risk of injury and that he did not unnecessarily expose himself to obvious risk of injury. This being so, it was a question of fact for the jury to decide. *Fidelity & Casualty Co. v. Sittig,* 181 Ill. 111; *Tinsman v. Illinois Commercial Men's Ass'n,* 235 Ill. 635; *Helm v. Illinois Commercial Men's Ass'n,* 279 Ill. 570. There was no evidence of suicide.

Appellant claims that the evidence admitted by the trial court, as to other persons walking on the railroad track, was incompetent. Such evidence was recognized as competent in the case of *Helm v. Illinois Commercial Men's Ass'n,* 279 Ill. 570, 580–581.

Under the authority of the foregoing cases, we hold there was no error in giving appellee's instructions seven and nine and in refusing to give appellant's instructions four and five. The certificate of membership must be construed against the association and the word "voluntary" given its usual and ordinary meaning. *Fidelity & Casualty Co. v. Sittig,* 181 Ill. 111, 113–114. The jury were fully and accurately instructed. Appellant has been deprived of no substantial right. There is no reversible error in the

record.   This is the second verdict rendered, in this case, in favor of the appellee and the judgment thereon, in the court below, is affirmed.

*Judgment affirmed.*