MARGARET ENNIS

*v.*

LAWRENCE M. ENNIS *et al.*

*Filed at Ottawa May 12, 1882.*

1. WRIT OF ERROR—*to the probate court.* A writ of error will not lie from this court to a probate court in cases where an appeal from the judgment is allowed to the circuit court.

2. APPEAL—*from probate court to circuit court.* An appeal being given from the final orders, judgments, etc., of the probate court to the circuit court, except in proceedings of administrators to sell land to pay debts, this court will not entertain a writ of error to the probate court to review an order dividing a widow's award between herself and her minor children.

WRIT OF ERROR to the Probate Court of Cook county; the Hon. JOSHUA C. KNICKERBOCKER, Judge, presiding.

Messrs. M. A. RORKE & SON, for the plaintiff in error, on the question of jurisdiction, made the following points:

The writ of error in this case will lie as a common law writ of error, and under the constitution. None could be issued out of the Appellate Court. *Haines* v. *People,* 97 Ill. 161; *Hall* v. *Thode,* 75 id. 173; *Peak* v. *People,* 76 id. 289; *Village of Hyde Park* v. *Dunham,* 85 id. 569; *Stuart* v. *People,* 3 Scam. 395; *Story* v. *People,* 79 Ill. 45. See, also, *Unknown Heirs of Langworthy* v. *Baker,* 23 Ill. 484; *Fitzpatrick* v. *City of Joliet,* 87 id. 58.

No appeal is allowed from the decision of the probate court illegally apportioning a widow's award, to the circuit court. Probate Court act, Hurd's Stat. 1881, p. 353, sec. 11; *Lill* v. *Brant,* 1 Bradw. 266; *Haines* v. *People,* 97 Ill. 162; *Peak* v. *People,* 71 id. 278; *Shirk* v. *Trainer,* 20 id. 301; *Beesman* v. *City of Peoria,* 16 id. 484; *Williams* v. *Bladenship,* 12 id. 122; *Gunn* v. *Rogers,* 4 Gilm. 131; *Allen* v. *Belcher,* 3 id. 594.

No appeal could have been taken under section 68 of the Administration act, as that relates to cases of claims allowed or rejected, and applies only to county courts.

The writ of error could not have been sued out of the Appellate Court. Art. 6, sec. 11, relating to Appellate Courts, contains no provision in regard to appeals or writs of error to or from the Appellate Courts, to or from the probate court.

It follows that when the probate court exceeds its jurisdiction, and enters a final order depriving a person of property rights, and no mode of appeal exists, as in this case, a writ of error lies, by virtue of the constitution and the common law, from this court.  *Haines* v. *People,* 97 Ill. 172; *Hall* v. *Thode,* 75 id. 173.

Mr. LAWRENCE M. ENNIS, and Mr. FRANK W. WALKER, for the defendants in error:

The writ of error will not lie, an appeal to the circuit court being allowed by statute from the orders complained of. *Haines* v. *People,* 97 Ill. 161; *Holden* v. *Herkimer,* 53 id. 258; *Hobson et al.* v. *Paine et al.* 40 id. 25; Rev. Stat. chap. 37, sec. 226.

The Supreme Court has no jurisdiction even though the writ would lie, as the question is in neither a criminal proceeding, nor does it involve a franchise, a freehold, or the validity of a statute.  *Young et al.* v. *Sturges,* 91 Ill. 221; *Gross* v. *People,* 95 id. 366; *Schissler* v. *People,* 93 id. 472; *Holtz* v. *People,* 92 id. 426; *Meeks* v. *Leach,* 91 id. 323; *Fleischman* v. *Walker,* 91 id. 320.

If the judge (as claimed by plaintiff in error) acted in a summary manner, or had no jurisdiction, a writ of error will not lie, but a *certiorari* is the proper remedy.  *Haines* v. *People,* supra; *Wilkinson* v. *People,* 13 Ill. 660; *Chicago and Rock Island R. R. Co.* v. *Fell,* 22 id. 333; *Chicago and Rock Island R. R. Co.* v. *Whipple,* 22 id. 105.

Per CURIAM: The writ of error in this case must be dismissed. It is sued out to the probate court of Cook county, the error assigned being in the division by the probate court of the "widow's award" between herself and her minor children.

Section 11 of the Probate Court act, Laws 1877, p. 81, provides that "appeals may be taken from the final orders, judgments and decrees of the probate courts to the circuit courts of their respective counties, in all matters except in proceedings on the application of executors, administrators and guardians for the sale of real estate," etc. It has been frequently decided that a writ of error will not lie from this court in cases where an appeal from the judgment is allowed to the circuit court. *Hobson* v. *Paine*, 40 Ill. 25; *Holden* v. *Herkimer*, 53 id. 258; *Haines* v. *People*, 97 id. 161.

Said section 11 gave an appeal in this case to the circuit court, and an appeal should have been taken to that court.

*Writ of error dismissed.*