## MARGARET ENNIS

### *v.*

### LAWRENCE M. ENNIS.

*Filed at Ottawa May 19, 1884.*

1. CERTIORARI *at common law—whether the appropriate remedy.* The common law writ of *certiorari* will only lie .to inferior tribunals or jurisdictions in cases where they proceed illegally, and no appeal or other mode of directly reviewing their proceedings is provided by law..

2. This proceeding does not lie to review and set aside an order of the probate court dividing and apportioning the widow's award between her and

the minor children of her deceased husband by a former wife, as that court has general jurisdiction in all matters touching the settlement of the estates of deceased persons, and orders concerning the widow's award come under that general jurisdiction. The proper remedy for a party aggrieved by such an order is an appeal to the circuit court.

3. ASSIGNMENT OF ERROR—*when necessary.* Where an appellant fails in this court to make an assignment of error as to an order awarding costs on the dismissal of a petition for a common law writ of *certiorari,* as made in the Appellate Court, such order will not be considered in this court. In such case the point made in the Appellate Court will be treated as waived in this court.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. M. A. RORKE & SON, for the plaintiff in error:

The rights of the parties are to be determined upon an inspection of the record contained in the return to the writ, and not on a mere motion to quash the writ and to dismiss the petition made by a person who is merely named in the petition for the writ, and to whom the writ of *certiorari* was not directed. *McManus* v. *McDonough et al.* 4 Bradw. 180; *Savage* v. *Board of Commissioners,* 10 id. 204; *Donahue* v. *Will County,* 100 Ill. 94.

In a proceeding of this kind it is erroneous to render a judgment for costs. *Arnold* v. *Thorpe,* 9 Bradw. 357; *Smith* v. *McLaughlin,* 77 Ill. 596.

It is now the settled rule of law in this State that the common law writ of *certiorari* lies in two classes of cases: First, whenever it is shown that the inferior court or jurisdiction has exceeded its jurisdiction; and second, whenever it is shown that the inferior court or jurisdiction has proceeded illegally, and no appeal or writ of error will lie. *Hyslop et al.* v. *Finch,* 99 Ill. 171; *Savage* v. *Board of Commissioners,* 10 Bradw. 204; *Porter* v. *Board of Trustees,* id. 343; *People* v. *Wilkinson,* 13 Ill. 660; *Gerdes* v. *Champion,* 108 id. 137.

The orders in question were not merely illegally or irregularly entered, but under the authority of the cases of *Miller* v. *Miller,* 82 Ill. 463, *Marshall* v. *Rose,* 86 id. 374, and the statute relating to administration of estates, (Hurd's Stat. 1881, pp. 112, 113,) there was an entire want of power in the probate court, *ab initio,* to enter the orders sought to be quashed by appellant. Hence, as the probate court exceeded its power or jurisdiction, the writ lies, whether appellant could have taken an appeal from those orders of the probate court or not. *Hyslop* v. *Finch,* 99 Ill. 184; *Monroe* v. *People,* 102 id. 406.

And where nothing has been done upon the assumed validity of the orders in question, and less than "five years" or "three years" have intervened between the entry of the orders sought to be quashed and the filing of the petition for the writ, a *certiorari* at common law will lie. *Hyslop* v. *Finch,* 99 Ill. 171; *Miller* v. *Trustees,* 88 id. 26.

Messrs. ENNIS & WALKER, for the defendant in error:

As to when a writ of *certiorari* at common law will lie, see Waite's Practice on Common Law Certiorari; *People* v. *Hill,* 53 N. Y. (8 Sick.) 547; *People* v. *Andrews,* 52 id. (7 Sick.) 445; *People* v. *Stillwell,* 19 id. (5 Smith,) 531; *Trustees* v. *School Directors,* 88 Ill. 100; *Otten* v. *Lehr,* 68 id. 64; *Chicago and Rock Island R. R. Co.* v. *Fell,* 22 id. 333.

If the court, upon a hearing, is satisfied that the writ was improvidently issued, or that justice and equity so require, it will dismiss the writ. *Curtis* v. *Common Council of Utica,* 45 How. 289; *People* v. *Mayor of New York,* 2 Hill, 9; *Same* v. *Same,* 5 Barb. 43.

A common law writ of *certiorari* can issue to the inferior tribunals and jurisdictions when they exceed their jurisdiction, and in case where they proceed illegally, and there is no appeal or other mode of directly reviewing their proceed-

ings.   *Hyslop* v. *Finch,* 99 Ill. 171; *People-*v. *Williamson,* 13
id. 160; *Miller* v. *Trustees of Schools,* 88 id. 26.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The petition in this case was presented by Margaret Ennis
in the circuit court, and was for a common law writ of *cer-
tiorari,* to bring before that court certain proceedings had in
the probate court of Cook county, that the same, on inspec-
tion, might be quashed and held for naught.   It appears
from the allegations it contains, that petitioner was lawfully
married to James Ennis, since deceased, who at the time of
his death left him surviving petitioner, his widow, and nine
children by a former marriage, and one child by his marriage
with petitioner, all of whom were minors at the time of his
death, except, perhaps, one or two of his first children, and
who resided with him and constituted a part of his family;
that afterwards such proceedings were had in the probate
court that letters of administration were granted to petitioner
and Lawrence M. Ennis, and on appraisers being appointed,
as the law directs, they set apart the "widow's award," in
value $1960.   The grievance alleged is, that subsequently,
on the 3d day of June, 1881, the probate court "divided" or
"apportioned" the "widow's award," giving to petitioner and
her child by her marriage with James Ennis, since deceased,
$750, and to the seven minor heirs of her deceased husband
by his former marriage, $1210.   It is that order of the pro-
bate court so entered that petitioner seeks to have quashed
and held for naught in this proceeding.   It is thought this
can not be done on a common law writ of *certiorari.*   The
proper remedy for a party aggrieved in such case would be
on appeal to the circuit court.   Undoubtedly the probate
court has general jurisdiction in all matters touching the
settlement and administration of the estates of deceased per-
sons, and orders concerning the "widow's award" come within

the scope of that general jurisdiction. It is not necessary now to consider whether the probate court proceeded irregularly in making the order complained of, as that question can not be adjudicated in this proceeding. The law is, a common law writ of *certiorari* will only lie to inferior tribunals or jurisdictions in cases where they proceed illegally, as it is alleged the probate court did in this instance, where no appeal or other mode of directly reviewing their proceedings is provided or exists under the law. (*Miller* v. *Trustees of Schools*, 88 Ill. 26.) In cases like the one being considered, the statute has expressly given a remedy for any error committed by the probate court, by an appeal to the circuit court, as this court has decided in *Ennis* v. *Ennis*, 103 Ill. 95. The writ of *certiorari* was therefore properly quashed, as was done by the circuit court.

The errors assigned in this court only call in question the decision of the Appellate Court in affirming the "final order and judgment of the said circuit court * * * quashing the common law writ of *certiorari* issued, and dismissing said appellant's petition therefor." It will be perceived the errors assigned are not broad enough to embrace the question whether the circuit court erred in awarding costs against petitioner, and in favor of Lawrence M. Ennis, on the dismissal of her petition, and the correctness of that order will not be considered in this court. Petitioner not having assigned it as error in this court, the point made in the Appellate Court as to costs may be deemed to have been waived in this court.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*