THE STATE *ex rel.* THE MISSOURI PACIFIC RAILWAY
COMPANY v. EDWARDS, *Judge, et al.*

### DIVISION TWO.

1. **Certiorari**: OFFICE OF WRIT. The office of the writ of *certiorari* is to bring the record of the proceedings of an inferior court or tribunal before a superior court to determine whether it had acted legally and within its jurisdiction.

2. ——— : ———. It is in the nature of a writ of error to review the proceedings of the inferior court or tribunal and is only allowed where no appeal or writ of error or other available mode of review is afforded.

3. ———. *Certiorari* must be founded upon a final adjudication of the matter involved and cannot issue upon a merely interlocutory order.

4. ———. An order of court appointing commissioners in a condemnation proceeding is merely interlocutory, from which no appeal or writ of error will lie and is not a sufficient basis upon which to issue a writ of *certiorari*.

*Certiorari.*

WRIT DENIED.

*H. S. Priest* for relator.

MACFARLANE, J.—The St. Louis Merchants' Bridge Terminal Company commenced a proceeding against relator in the circuit court of the city of St. Louis for the purpose of condemning a right of way across the relator's tracks and crossing and making intersection and connection with its railway in the city of St. Louis.

The proceedings were removed to the circuit court of St. Charles county by change of venue, and that court appointed commissioners to assess the damages and determine the points and manner of such crossings, intersections and connections and to determine the compensation therefor. The order appointing the commissioners recites that due notice had been given relator

and that the parties could not "agree as to the points and manner of crossing, intersecting and connecting with defendant's, the Missouri Pacific Railway Company, road, nor the compensation therefor."

Pending the inquiry by the commissioners, and before they make report, relator makes application to this court for a writ of *certiorari*, directed to respondents, the judge of said circuit court, and said commissioners, for the purpose of requiring them to certify to this court a copy of the proceedings in said cause to the end that the same may be reviewed and quashed or modified.

The office of a common-law writ of *certiorari* is to bring the record of the proceedings of an inferior court or tribunal before a superior court to determine whether it had acted legally and within its jurisdiction. *State v. Smith*, 101 Mo. 174; *Railroad v. Bd. of Equalization* 64 Mo. 294.

It is in the nature of a writ of error to review the proceedings of the inferior court, or tribunal, and is only allowed where no appeal or writ of error or other available mode of review is afforded. *Railroad v. Young*, 96 Mo. 41; *Poe v. Machine Works*, 24 W. Va. 517; *Ennis v. Ennis*, 110 Ill. 78; *Hauser v. State*, 33 Wis. 678; 46 Ga. 41; 47 Ark. 511.

An appeal lies from a final judgment of the circuit court in a condemnation proceeding. R. S. 1889, sec. 2246; *Railroad v. Evans & Howard Co.*, 85 Mo. 307; *Railroad v. Railroad*, 94 Mo. 540.

The statute (secs. 2543, 2736) gives the circuit court jurisdiction of the subject-matter of the proceeding and the record filed with the petition shows jurisdiction of the person of relator. The court has jurisdiction to hear and determine the case. *State ex rel. Railroad v. Railroad*, 100 Mo. 60. If it has committed errors, it may correct them itself before final adjudication.

Unless especially provided by statute, the writ is never used to withdraw from inferior jurisdiction the questions under consideration, and to be tried therein. Its most frequent use is applied to the review of the determinations of tribunals, boards and officers, exercising judicial functions in summary proceedings. If each successive step of the proceeding could be brought before a court for review, the jurisdiction would be transferred from the tribunal, invested by law with authority over the subject-matter, to the superior court. By this means proceedings, intended to be summary, could be prolonged indefinitely and their purposes wholly frustrated.

The writ, operating as it does as a writ of error, is necessarily founded upon a final determination and adjudication of the matter involved, and cannot issue upon an order merely interlocutory. *People v. Judge*, 40 Cal. 479; *Stokes v. Early*, 45 N. J. L. 479; *Lynde v. Noble*, 20 Johns. 82; *Ex parte Hamilton*, 58 How. Rep. 290.

The order of the court appointing commissioners is not a final determination of the proceeding from which an appeal or writ of error will lie. *St. Joe Term. Ry. Co. v. Railroad*, 94 Mo. 540. The order being merely interlocutory is not a sufficient foundation upon which to issue the writ of *certiorari*. Writ denied; GANTT, P. J., and THOMAS, J., concur.