FALLIGAN, APPELLANT, *v.* SCHOOL DISTRICT No. 1, RAVALLI COUNTY, ET AL., RESPONDENTS.

(No. 3,807.)

(Submitted October 6, 1917.  Decided November 1, 1917.)

[169 Pac. 803.]

*Public Schools—School Teachers—Contracts of Employment—Renewal Under School Code—Statutes—Retroactive Effect.*

Statutes—Retroactive Effect—Rule.
  1.   Retroactive effect is not to be given to a statute unless commanded by its context, terms or manifest purpose.

  [As to when a retrospective statute is valid, see notes in 6 **Am. Dec.** 730; 10 **Am. Dec.** 131; 111 **Am. St. Rep.** 455.]

Public Schools — Teachers — Re-employment — School Code — Retroactive Effect not Permissible.
  2.   *Held,* under the above rule, that where a teacher was re-employed for the second time before the enactment of the General School Code (Laws 1913, Chap. 76), section 801 of which (p. 244) provides for an automatic renewal of the contract of employment after election for the second consecutive year, *etc.,* but does not command that a retroactive effect shall be given its provisions, the court properly sustained a general demurrer to her complaint in an action against the school board for breach of contract.

Same—School Code—Automatic Renewal of Contract of Employment.
  3.   *Quaere:* Are the provisions of section 801, *supra,* available to principals and teachers whose two-year period of employment antedates, but whose re-engagement occurred after, the passage of Chapter 76, Laws of 1913?

*Appeal from District Court, Ravalli County; R. Lee McCulloch.*

ACTION by Ella Falligan against School District No. 1 of Ravalli County, and the Board of Trustees of said district. Plaintiff appeals from a judgment entered after a general demurrer to the complaint had been sustained. Affirmed.

Mr. *William L. Murphy,* for Appellant, submitted a brief.

Mr. *J. D. Taylor* and Mr. *E. C. Kurtz,* for Respondent, submitted a brief; Mr. *Kurtz* argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

In May, 1911, the plaintiff, a teacher qualified by life diploma of the state board of education, was elected to teach in the public schools of District No. 1, Ravalli county; in September, 1912, she was re-elected for the ensuing school year; in March, [2] 1913, the legislature passed and the governor approved what is now known as the General School Code (Chapter 76, Laws of 1913), wherein it is provided that "after election of any teacher or principal for the second consecutive year in any district in the state such teacher or principal so elected shall be deemed re-elected from year to year thereafter unless the board of trustees shall by a majority vote of its members on or before the first day of May give notice in writing to such teacher or principal that his services will not be required for the ensuing year, provided, that in case of principals in charge of school systems such notice shall be given on or before February 1st" (sec. 801, 13th Sess. Laws, 244); some time prior to September 8 and after May 1, 1913, the board of trustees designated a successor to the plaintiff as such teacher, and thus in effect removed her from her position without proceeding as required by the section above quoted; since that time the board has refused to permit her to perform any duties as a teacher, has abrogated and disclaimed any contract of employment with her, and has refused to pay her any compensation, although she has at all times held herself in readiness to perform such duties. Upon her complaint stating these facts and claiming a contract to ex-

ist in virtue of the section above quoted, she seeks compensatory damages. A general demurrer to the complaint was sustained, and the plaintiff, declining to plead further, suffered judgment to be entered against her, from which this appeal is taken.

The question involved is the construction and application of the section quoted. The language employed indicates that it [3] is to have an effect wholly prospective; but whether its provisions are available to principals and teachers whose two-year period antedates, but whose re-engagement occurred after, the passage of the Act is not clear. Certain it is that few, if any, of the considerations which might be urged in support of such an application are presented here, because the plaintiff's re-engagement occurred before the passage of the Act. It cannot be said that she was re-engaged with the provisions and consequences of the section in mind, and to inject these provisions and consequences into her contract, made before the passage of the Act, is to materially alter the terms of that contract—to give her something which she did not have, *viz.,* an automatic renewal under certain circumstances. While no constitutional barriers other than those stated in section 11, Article III of our Constitution exist to restrain retroactive legislation in this state, and while a certain amount of retrospection [1] is necessarily involved in many of our laws, it is nevertheless a fundamental rule of construction that retroactive effect is not to be given to a statute unless commanded by its context, terms or manifest purpose. (Rev. Codes, sec. 6213; *Bullard* v. *Smith,* 28 Mont. 387, 72 Pac. 761; Black on Interpretation, secs. 12 and 103.) The material alteration in the terms of plaintiff's contract required by the contention here pressed is not a result which we can hold as within the contemplation of the section in question, because it is not so commanded.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.