Tillie Elliott McGuire, Appellant, v. Lewis Ebb Etherton, County Superintendent of Schools of Jackson County et al., Appellees.

Opinion filed October 27, 1944. Released for publication November 27, 1944.

FLETCHER LEWIS, of Murphysboro, for appellant.

GLENN O. BROWN, State's Attorney of Jackson County, Murphysboro, and L. R. Stewart, of Murphysboro, for appellees.

Mr. Justice Culbertson delivered the opinion of the court.

This is an appeal from an order and judgment of the circuit court of Jackson county, dismissing appellant's petition for writ of certiorari in the circuit court, and superseding and quashing the writ, as a result of a motion made by appellees.

It is suggested by appellant that the sole question presented to this court is whether appellant, by her petition, as plaintiff, for the common-law writ of certiorari, is entitled to a review of the proceedings of the appellees, Board of Education of School District Number 106 of Jackson County, and Appeal Committee of the County Superintendent of Schools of such County, dismissing and removing her from her position as a tenure teacher. The appellees indicate that the appeal also presents a question as to whether or not the petition, on its face, shows that the School Board dismissed the plaintiff for sufficient cause.

Such petition sets forth the entire record of the case, which indicates that appellant was in the employ of the appellees, Board of Education, as a teacher in the public schools in the City of Murphysboro, Jackson County, Illinois, and began her first year as a tenure teacher, having completed her last year as a probation teacher on August 31, 1941. A written contract was entered into between appellant and the Board for her services as a tenure teacher, on March 26, 1942. The record shows that on March 23, 1942, the School Board adopted a resolution confirming the policy of the School Board, in force for more than 14 consecutive years, not to employ female married teachers on contract, and that the policy had been consistently enforced. On March 23, 1942, the School Board adopted a resolution incorporating that policy with relation to married teachers in a rule made a matter of record.

As we have indicated, the contract between plaintiff and the School Board was executed on March 26, 1942,

and included this clause: "It is further agreed that this contract is subject to the school laws of Illinois and the reasonable and lawful regulations that now exist and those that may be adopted from time to time by said Board." On October 17, 1942, plaintiff was married to George M. McGuire. About six days later, on October 22 or 23, 1942, the School Board sent plaintiff a notice which recites the Board's resolution of March 23, 1942, and gave plaintiff notice of the termination of her contract on October 23, 1942. Thereafter, on November 2, 1942, plaintiff, by her attorney, demanded a public hearing and to be allowed to be present at the hearing with counsel to present evidence and defenses and to cross-examine witnesses. On November 9, 1942, the School Board unanimously adopted a resolution reciting that in the judgment and discretion of the School Board, their contract with plaintiff ought to be and was terminated upon the charge and for the reason that plaintiff had married, for which cause the Board was authorized by the contract with plaintiff to terminate it, without liability to her, and in the resolution recited that the action is subject to the proceedings at a public hearing set for December 14, 1942. Plaintiff was suspended in the resolution from teaching and the resolution expressly recites that the interests of the schools required such action, and that by the adoption of the resolution the School Board did not admit that the provisions of section 127¾ of the School Law (Ill. Rev. Stat. 1943, ch. 122, par. 136c [Jones Ill. Stats. Ann. 123.161 (1)]) with reference to procedure for dismissal or removal of teachers serving under contracts for continued service are applicable, or that the provisions are constitutional.

On December 14, 1942, the School Board conducted a hearing and at the close of the hearing, adopted by unanimous vote a resolution showing that plaintiff had a public hearing, at which she was represented by counsel; that evidence was taken; and that the School Board found that she knew and realized prior to her

marriage, the policy of the Board with reference to not employing female married teachers, and of the existence of the resolution and regulations adopted March 23, 1942, which was one of the rules and regulations referred to in the contract she signed; that her marriage, in view of said established policy and regulation, was good and sufficient cause for cancellation of her contract and for her suspension as a teacher; and that in the opinion of the School Board, the interest of the schools required such action.

An appeal was taken from this action of the Board of Education, in accordance with the provisions of paragraph 136c of ch. 122 of Ill. Rev. Stat., to the appellee, County Superintendent of Schools, whose Appeal Committee reviewed the case, and on July 3, 1943, unanimously affirmed the decision of the School Board. Thereafter, plaintiff filed her petition for a common-law writ of certiorari in the circuit court of Jackson county, which writ was issued *ex parte*. The appellees appeared generally, and filed their motions to dismiss the petition, and to supersede and quash the writ. In such motion of appellees it is contended that the petition for writ of certiorari shows that appellant had a hearing before the appellee, Board of Education, and an appeal from its decision to the Appeal Committee; that the proceedings were in accordance with the law; and that the evidence in the record fairly tended to support the charges of the Board of Education; and that if any error was made, it was of discretion, which the circuit court had no power to review by a common-law writ of certiorari. It was, likewise, contended and is contended in this court, that aside from the procedural question as to whether or not plaintiff is entitled to a review of her case by common-law writ of certiorari, appellees contend that there is no merit in her case on the substantive facts set up in her petition because, (First) Her contract, which was specifically made subject to the existing lawful regulations, or those there-

after adopted from time to time by the Board, contains a lawful and enforceable agreement on her part that it might be terminated by the Board, without liability, if she married; and (Secondly) Plaintiff's marriage, in violation of the long-standing policy of the Board against employing married teachers on contract, and the rules supplementing such standing policy, was a sufficient cause for plaintiff's dismissal, and good ground to support the opinion and judgment of the Board that the interest of schools required it.

The petition for certiorari alleges the facts with reference to the marriage of plaintiff, and charges that the Board of Education arbitrarily and illegally removed the dismissed appellant, without power so to do; and that the Appeal Committee of the Superintendent of Schools exceeded their lawful power and jurisdiction in upholding the Board.

It is contended in this court that the circuit court erred in rendering and entering the order sustaining the motion of appellees to dismiss the petition for certiorari, and to supersede and quash the writ. It is the contention of the appellees that plaintiff was granted a public hearing by the School Board, but with an express reservation that her right to such hearing was not conceded. After such hearing, by unanimous vote of all Board members present, a decision was finally entered against her, after which she took her contentions, by appeal, to the Appeal Committee appointed by the County Superintendent of Schools, which committee unanimously affirmed the decision of the School Board.

In a number of cases in this State it has been pointed out that the common-law writ of certiorari will not lie in any case, except where the lower tribunal had no jurisdiction, exceeded its jurisdiction, or proceeded illegally (*Ennis v. Ennis,* 110 Ill. 78; *Donahue v. County of Will,* 100 Ill. 94; *Joyce v. City of Chicago,* 216 Ill. 466; *Hopkins v. Ames,* 344 Ill. 527).

In the instant case the plaintiff demanded and was awarded a public hearing by the School Board. She appeared generally, with counsel, and actively participated in the hearing. She apparently does not contend that the Board was without jurisdiction to conduct the hearing. It is contended by appellees that plaintiff cannot properly contend that the School Board exceeded its jurisdiction in deciding that her marriage was a good and sufficient ground for terminating her contract and dismissing her as a teacher. In this connection it is pointed out that the School Act gives the Board power to adopt and enforce all necessary rules and regulations for management and government of public schools of their district, and to dismiss teachers for sufficient cause. It is contended that the most that plaintiff can properly assert is that the Board committed an error of judgment in sustaining her dismissal for the assigned cause. We are inclined to agree that under the facts in the record that necessarily would be the basis of the plaintiff's petition and, if so, that is not a ground for a review of the case by the common-law writ of certiorari (*Joyce v. City of Chicago, supra; People ex rel. Maloney v. Lindblom,* 182 Ill. 241; *Carroll v. Houston,* 341 Ill. 531; *Hopkins v. Ames, supra*).

On the basis of such precedents if a court of review should come to the conclusion that the School Board made an error in concluding that it had the right to terminate plaintiff's employment under the terms of her contract and because of the policy of the Board against employing married teachers, it was an error of judgment and did not involve a situation where there was no jurisdiction, an excess of jurisdiction, or illegal procedure, and under the state of facts in the record, and on the basis of the precedents cited, it appears that there was no basis for a common-law writ of certiorari as disclosed by the record. It is hardly a proper characterization of the action of the School

Board to assert that its action was arbitrary in the state of the record. It apparently involved an exercise of discretion by the Board, as to which the common-law writ of certiorari does not lie (*City of Harvey v. Dean*, 62 Ill. App. 41), and the determination of the Board of Education does not, under the facts, seem to be an arbitrary exercise of such discretion.

In connection with a consideration of the basic question before us on the merits, we note that a number of cases in other jurisdictions have determined parallel problems and have sustained the action of Boards of Education in dismissal pursuant to similar rules relating to married teachers (*Rinaldo v. Dreyer*, 294 Mass. 167, 1 N. E. (2d) 37, 118 A. L. R. 1084). In the *Rinaldo* case, the Massachusetts court construed the language, "other good cause" for dismissal to include marriage, and not to be limited to some form of inefficiency or misconduct on the part of the person dismissed. It was observed by that court that whether or not married women should teach in public schools is a matter about which there may be an honest difference of opinion, and that some other courts have come to opposite conclusions.

The Indiana court, in *McQuaid v. State ex rel. Sigler*, 211 Ind. 595, 6 N. E. (2d) 574, in reviewing a number of authorities, including the English cases, stated that the great weight of authority supports the view that where the action of a School Board is taken pursuant to a policy adopted in good faith, marriage is a good and just cause for the cancellation of a tenure teacher's contract when the contract is made with specific reference to or with full knowledge of the rule or policy. Our analysis of the cases to which our attention has been called, bearing on the problem, sustains that conclusion.

We believe it would serve no useful purpose and would not be consistent with proper procedure to require the remandment of this cause to the circuit court

for the purpose of making futile formal charges as to which there is no dispute in the record. We believe that the action of the circuit court in dismissing plaintiff's petition for writ of certiorari and in superseding and quashing the writ was proper in view of the record and under the facts and circumstances in this case. Such action will, therefore, be affirmed.

*Judgment affirmed.*