(No. 28698.—

JULIA O. ANDERSON, Appellant, *vs.* THE BOARD OF EDUCATION OF SCHOOL DISTRICT NO. 91 *et al.*, Appellees.

*Opinion filed May 23, 1945.*

LEONARD W. MELBURG, and EDWARD B. LOVE, both of Monmouth, for appellant.

SAFFORD, KRITZER & FULTON, of Monmouth, for appellees.

Mr. CHIEF JUSTICE FULTON delivered the opinion of the court:

This case comes to this court by transfer from the Appellate Court for the Second District on appellees' motion therein that constitutional questions were involved. This appeal involves the validity, construction and application of portions of the School Law of the State of Illinois entitled, "An Act to amend Sections 114, 115, 127 and 127a of 'An Act to establish and maintain a system of free schools,' approved June 12, 1909, as amended, and to add Section 127¾ thereto," approved July 21, 1941. (Laws of 1941, p. 1153; Ill. Rev. Stat. 1941, chap. 122, pars. 122, 123, 136, 136b and 136c.) The portions of the act in controversy are generally known, are hereinafter referred

to as the Teacher Tenure Law, and are found in section 127¾ of the School Law.

The case arose in the trial court on appellant's petition for writ of *mandamus* to compel the board of education of School District No. 91, Warren county, Illinois, known as the Roseville school, to reinstate her as a teacher and for payment of back salary. Appellant's first petition was stricken on motion of the appellees, who are also referred to in this opinion as defendants, and an amended petition for *mandamus* was filed on July 2, 1943, which, on motion of appellees, was dismissed by the circuit court. Appellant, hereafter referred to as petitioner, elected to stand by her petition, and an appeal was perfected to the Appellate Court to the October term, A. D. 1943, where on December 28, 1943, the said court reversed and remanded the cause to the circuit court, with directions to overrule the motion to dismiss. (*Anderson* v. *Board of Education,* 321 Ill. App. 163.) The court there stated that inasmuch as the record failed to show on what ground the motion to dismiss was sustained and the constitutional questions not having been preserved for the purposes of the appeal, the question of the validity of the statute was deemed waived. That court further held that "We are of the opinion that the petition contained sufficient allegations to require an answer." The cause was redocketed in the circuit court on March 8, 1944, which court entered an order on that date, pursuant to the mandate of the Appellate Court, overruling defendants' motion of July 6, 1943, to dismiss petitioner's amended petition. On said date defendants filed a motion to dismiss petitioner's amended petition on constitutional grounds, which motion was overruled by the court. An answer was then filed wherein defendants raised these same constitutional points as affirmative defenses, which briefly were that section 127¾ is unconstitutional and invalid for the reason that said statute violates and conflicts with section 13 of article IV of the constitution of the

State of Illinois in that (a) the act of which said statute is a part embraces more than one subject, or, in the alternative, (b) the subject of said act is not expressed in the title; second, that said statute is unconstitutional and invalid because it violates and conflicts with section 22 of article IV of the constitution in that said statute is special or "class legislation;" third, that the said statute is unconstitutional and invalid for the reason that it violates and conflicts with section 14 of article II of the State constitution and with section 10 of article I of the constitution of the United States, in that said statute impairs the obligation of contracts. The trial court, on motion of the petition, struck those portions of the answer, and defendants have assigned cross errors on said ruling in the appeal to this court. Defendants were granted leave to refile their motion to dismiss the amended petition on constitutional grounds. Said motion was refiled, and the trial court overruled said motion. After the case was set for trial on the pleadings as they stood on agreement of the parties, a reply to said answer was filed on September 21, 1944, and defendants filed a motion to strike the reply to their answer, which motion was overruled by the court.

The amended petition alleged that petitioner had been employed by the defendants as a teacher in said district for 23 years prior to May 29, 1942; that on May 4, 1940, she entered into a written contract with defendants to teach from September 1, 1940, to June 1, 1941, at a stipulated salary and that she taught during said nine months pursuant to this contract; that on May 2, 1941, she entered into a contract in writing with defendants to teach from September 1, 1941, to June 1, 1942, at a stipulated salary and that she taught during said nine months pursuant to said contract; that she received written notice from defendants on April 18, 1942, that she would not be employed for the coming year; that thereupon petitioner notified defendants she claimed contractual continued ser-

vice by virtue of the Teacher Tenure Law; that she presented herself at the school on September 1, 1942, but defendants refused to accept her services and assign her for work. The answer admitted some of these allegations and denied others. In addition, the answer of defendants, for an affirmative defense, alleged that petitioner had never been employed for a probationary period as required by section 127¾ of the School Law "and that Relator's employment by said Board of Education during the years 1940, 1941 and 1942 was employment wholly apart from any intention expressed or implied of either Relator or Defendants that such employment should be a 'probationary period' under the terms and provisions of said statute relied upon by Relator." To this affirmative defense petitioner filed a reply admitting that petitioner's employment during 1940, 1941 and 1942 was wholly apart from any intention expressed or implied of either party that such employment should be a probationary period under the terms of the statute relied on, but alleging that such employment became probationary automatically by operation of law. Petitioner, on a hearing in open court, introduced evidence supporting the allegations of her petition. At the conclusion of petitioner's evidence defendants made a motion for judgment, which motion was allowed by the court and the petition for writ of *mandamus* was denied and the suit dismissed at petitioner's costs. An appeal was taken by the petitioner to the Appellate Court, and after the filing of the record, abstracts and briefs of the parties, the case was transferred to this court as hereinabove set forth.

The act in question became effective July 21, 1941, and it is important to keep the effective date in mind. The act provides that "Whenever any teacher shall have been employed in any district as a full time teacher for a probationary period of two consecutive years, one of which shall be subsequent to the date that this Act shall take

effect, such teacher shall enter upon contractual continued service unless given written notice of dismissal, stating the specific reason therefor, by registered mail by the employing board at least 60 days before the end of such probationary period." The act then goes on to provide that such contractual continued services shall continue in effect, from year to year, the terms and provisions of the contract with the teacher during the last year of such probationary period, subject to the provisions of the act and the lawful regulations of the employing board, and subject to a right of removal of the teacher for specified causes, but only after full hearing, the procedure for which is thereafter very fully provided for, and such contractual continued service shall cease at the end of the school term following the sixty-fifth birthday of any teacher. It is the construction of the above-quoted part of section $127\frac{3}{4}$ that is in dispute in this case.

Counsel for petitioner, in their original brief and argument which contains 76 pages, and in their reply brief which contains 89 pages and which raises and argues a multitude of questions, both constitutional and nonconstitutional, rely upon the following reasons for reversal: (a) that the previous decision of the Appellate Court in this case ruled directly upon the basis of the trial court's instant judgment and held that the employment period prescribed by the statute was rendered automatically probationary by operation of law, without regard to the parties' original intentions; (b) the phrase "probationary period" mentioned in the Teacher Tenure Law as a prerequisite to entering upon contractual continued service creates and defines an employment status which is automatically probationary solely by virtue of the statute and irrespective of the intent or agreement of the parties; (c) the Teacher Tenure Law is made retroactive in terms to affect teaching employment contracts made prior to its enactment.

Counsel for defendants contend that petitioner's employment was pursuant to two contracts both made before the Tenure Law took effect; that nowhere in the amended petition does petitioner allege in terms that she was employed by the defendants for "two consecutive years," one of which was subsequent to the date that the statute in question took effect, or that she was employed for a "probationary period" within the meaning of the act; that such averments are essential to a statement of a cause of action in the *mandamus* proceeding; that there is no evidence offered by petitioner to sustain the allegation in paragraph 6 of the petition that her employment was probationary; that petitioner's only proof was the two contracts which were admitted in evidence and which the trial court held were not probationary contracts, and both of which contracts were entered into prior to July 21, 1941, the effective date of this statute. Counsel for defendants further contend that the petitioner's evidence proved an affirmative defense for the defendants and lay great stress on petitioner's admission in her reply to defendants' answer that her employment during 1940-1941-1942 was wholly apart from any intention, express or implied, of either party that such employment should be a probationary period under the terms of the statute relied on.

In passing upon the motion for judgment the trial court called attention to the fact that "it is alleged by the defendant and admitted by the plaintiff that the employment of plaintiff by the contract of May 4, 1940, to teach during the school year of 1940-1941 and the employment of plaintiff by contract of May 2, 1941, to teach during 1941-1942, was without any intention, express or implied, that such employment should be a probationary period. If plaintiff is entitled to contractual continued service, it is by virtue of her having taught under these two contracts." Petitioner's contention is that any employment for two years,

in and of itself constitutes a probationary employment or employment for a probationary period, and that the phrase "for a probationary period of two consecutive years" refers solely to the time of the employment, whereas counsel for the defendants contend that this phrase refers to the character of the employment rather than to the time of employment, and further contend that if the Teacher Tenure Law is to be construed and applied as retroactive, as petitioner desires, then this law impairs the obligation of these two contracts, both of which were prior to the effective date of the law, and is unconstitutional and void.

Counsel for petitioner contend that this question has been heretofore adjudicated in the former appeal of this case, reported in 321 Ill. App. 163, but with this we cannot agree. By reference to the court's opinion, it does not appear that the specific question was either presented to or passed upon by that court. It quite properly refused to take jurisdiction of the constitutional questions, and, in a very short opinion, merely stated that the amended petition contained sufficient allegations to require an answer, and reversed and remanded the cause with directions to overrule the motion to dismiss. Counsel for petitioner contend that, because defendants did not appeal from said order of the Appellate Court to the Supreme Court, the judgment of the Appellate Court is final and that the trial court could not properly enter judgment for the defendants. However, petitioner's position is not sustained by the decisions of this court. The judgment of the Appellate Court reversing and remanding the case is not a final appealable order. (*Corcoran* v. *City of Chicago,* 373 Ill. 567.) Furthermore, even if the Appellate Court had rendered a decision general in its terms as to a question of law which would be binding in that court as the law of the case upon subsequent appeals to the Appellate Court, said decision does not bind the Supreme Court to such view of the law when the case is before this court for de-

cision. (*Bailey* v. *Robison*, 244 Ill. 16, at p. 22; *Zerulla* v. *Supreme Lodge*, 223 Ill. 518.) The issue, therefore, is of no practical consequence because this court can search the entire record for error and is not bound by any de-termination that may have been made by the Appellate Court general in its terms and containing no specific direc-tions to the trial court on the first appeal other than to overrule the motion to dismiss.

Bearing in mind the allegations of petitioner's petition as to her employment under the two contracts hereinabove referred to and that the school term for said school dis-trict ended on May 29, 1942, it is clear that the employ-ment of petitioner by defendants under her last contract ceased on May 29, 1942. The Teacher Tenure Law took effect on July 21, 1941. Can it, therefore, be said that petitioner was employed for two consecutive years, one of which was subsequent to the date that the statute took effect? Counsel for defendants insist that the crux of this issue lies in the meaning to be given to the word "year" as used in the Tenure Law, and that the word "year" means "calendar year." The first section of "An Act to revise the law in relation to the construction of the stat-utes," as amended, provides in part as follows: "That in the construction of all statutes now in force, or which may hereafter be enacted, the following rule shall be observed, unless such construction would be inconsistent with the manifest intent of the Legislature or repugnant to the con-text of the same statute, that is to say: * * * Tenth— The word 'month' shall mean a calendar month and the word 'year,' a calendar year, unless otherwise expressed." Ill. Rev. Stat. 1941, chap. 131, par. 1.

Therefore, we start out with the presumption that the word "year" as used in the Tenure Law means a calendar year of twelve months, and that construction will be aban-doned only in case (1) it is otherwise expressed in the statute; or (2) such construction is inconsistent with the

manifest intent of the legislature or repugnant to the context of the same statute. It will be observed that neither in the first paragraph of the Teacher Tenure Law, which contains a definition of certain words used in the statute, such as "teacher," "Board," nor in any other portions of the statute is the term "year" defined. "Expressed" means "stated or declared in direct terms," "declared in terms," "set forth in words," "not left to inference or implication." (25 C. J. 220.) Hence, it will be seen the first exception above does not overcome the presumption that the word "year" as used in the Teacher Tenure Law means a calendar year of twelve months. In the second place, it will be observed that the statute on construction of statutes above quoted limits the inquiry into legislative intent and context, as an aid to construction, to matters found in "the same statute." After a reading of this Tenure Law in its entirety, no other conclusion can be reached than that no "manifest intent of the Legislature" appears therein that would require this court to give the word "year" any other than its plain ordinary meaning, especially in view of the fact that later in the same statute when school year is referred to the words used are "school year."

A statute creating a new liability must be strictly construed in favor of persons sought to be subjected to its operation. (59 C.J. 1129.) "If a statute creates a liability where none would otherwise exist, or increases a common law liability, it will be strictly construed * * *. The courts will not extend or enlarge the liability by construction; they will not go beyond the clearly expressed provisions of the Act." (Sutherland on Statutory Construction, p. 472, par. 371.) The Teacher Tenure Law clearly creates a new liability where none would otherwise exist; it makes a contract for the parties by operation of the law, where otherwise none would exist. Therefore, under this rule above quoted, the word "year" should be given a strict construction and its meaning not extended

beyond the ordinary meaning of the word. We said, in *City of Chicago* v. *Tribune Co.* 248 Ill. 242, that in construing a statute its words must be given their plain and ordinary meaning.

We find this identical question passed upon in the case of *Carroll* v. *State Board of Education*, 8 N. J. Misc. 859, 152 Atl. 339, under a tenure law very similar to the Illinois act and a statute on construction of statutes similar to ours. In this case the Teacher Tenure Law of New Jersey provided: "The service of all teachers, principals, supervising principals of the public schools in any school district of this state shall be during good behaviour and efficiency, after the expiration of a period of employment of three consecutive years in that district, unless a shorter period is fixed by the employing Board * * *." The teachers' contracts and the employment thereunder were from September to the end of the school sessions in each year. In each contract there was a provision that either party might terminate the agreement on 30 days' notice to the other. This provision was exercised by the board of education under the third contract by giving notice to the teacher on July 15, 1929, that her services would terminate on August 15, 1929. The statute of New Jersey on construction of statutes provides that the word "month" when used in any statute shall be construed to mean a "calendar month" and the word "year" shall be construed to mean a "calendar year." By its judgment, the Supreme Court of New Jersey dismissed a writ of *certiorari*, by the teacher involved, to review a prior judgment respecting termination of her employment upon the following grounds: (1) Petitioner under no circumstances would have performed three calendar years of service until September 1, 1929, three years from the commencement of her first contract; (2) not the date of the contract but the date of the beginning of teaching service under the contract, to-wit, September 26, 1926, controls; "consequently, her 'period of employ-

ment' did not commence until that date;" and (3) the court rejected the contention of the teacher-petitioner that the word "year" should be construed in connection with the school law of New Jersey and held that the New Jersey statute on construction of statutes, which is similar to the Illinois act, is controlling, and that "year" as used in the Teacher Tenure Law means "calendar year." The court concluded by saying, "So construed, the prosecutrix was not in the position of a teacher engaged to teach and teaching 'after the expiration of a period of 3 consecutive years in that district' when her employment was terminated under the terms of her third contract." Applying the reasoning of this New Jersey case to the undisputed facts in the case at bar, the petitioner's two consecutive years would not terminate until September 1, 1942, as she did not commence to teach until September 1, 1940, and continued to teach to June 1, 1941, and her second contract did not commence until September 1, 1941, the contract ceased on May 29, 1942, and the school term ended on May 29, 1942. Furthermore, petitioner was notified on April 18, 1942, which was more than four months prior to the expiration of the two-year period, that her services would not be required for the coming year. Therefore, petitioner has not brought herself within the provisions of the Teacher Tenure Law. Furthermore, nowhere in her amended petition does she allege in terms that she was employed by defendants for two consecutive years, one of which was subsequent to the date that the statute in question took effect, and we believe such averments are essential to a statement of a cause of action under the Teacher Tenure Law. Counsel for petitioner cite the case of *McGuire* v. *Etherton*, 324 Ill. App. 161, in support of her contention that the Teacher Tenure Law made her employment automatically probationary during the year before and the year after its enactment without regard to the intentions of the parties to the contracts of employment, but the written

contract in that case was entered into between the teacher and the school board on March 26, 1942, which was after the passage of the Tenure Law. It was alleged in the teacher's petition for *certiorari* that she began her first year as a tenure teacher, having completed her last year as a probation teacher on August 31, 1941. The board ousted the teacher because of her marriage in violation of the terms of the contract. The lower court dismissed the teacher's petition for *certiorari* and quashed the writ, and the Appellate Court affirmed the judgment. Nowhere in its opinion did the Appellate Court pass upon the question whether the teacher's employment was "probationary" during the year before and the year after the enactment of the statute in question.

The legislature has not attempted to define what it means by the word "probationary" and, therefore, the courts should give the word its ordinary meaning of "serving for trial." (Webster's New International Dictionary, 1941 ed., p. 1971.) In construing a statute its words must be given their plain and ordinary meaning, (*Trustees of Schools* v. *Berryman,* 325 Ill. 72; *Landry* v. *Shinner & Co.* 344 Ill. 579,) and the court has no right to read into the statute words that are not found therein, either by express inclusion or by fair implication.

An inspection of the two contracts upon which petitioner bases her cause of action discloses no intention whatsoever of the parties thereto that petitioner was to be employed on trial to determine her fitness for permanent tenure. Furthermore, petitioner, in paragraph 3 of her reply to defendant's answer, admits that "Relator's employment by said Board of Education during the years 1940-1941-1942 was employment wholly apart from any intention, express or implied, of either relator or defendants that such employment should be a 'probationary period,' under the terms and provisions of said Statute relied upon herein by Relator."

Counsel for petitioner, to avoid the effect of this admission, contend that such employment became probationary automatically by operation of law, without regard to the parties' original intentions.

In the middle portion of the second paragraph of section 127¾ the legislature has authorized a board to extend the probationary period for one additional year "in the case of a teacher who has not had one year of full time teaching experience prior to the beginning of such probationary period." It appears, therefore, from the act itself, that the legislature contemplated and intended that there would be employment of teachers, both before and after the enactment of the Teacher Tenure Law, of a character that was not probationary, and this provision of the act negatives the whole theory of petitioner's argument that teacher employment is "automatically probationary" by virtue of the statute. This court has said a statute itself affords the best means of its exposition, and, where the legislative intent can be ascertained from its provisions, that intent will prevail without resorting to other aids for construction. *People ex rel. Johnson* v. *Southern Railway Co.* 367 Ill. 389, 396.

In construing this statute it must be kept in mind that both contracts of employment relied upon by petitioner were made and entered into before the Teacher Tenure Law became effective, the first contract being made and entered into on May 4, 1940, and the second on May 2, 1941, each for a nine months' period. The Teacher Tenure Law did not become effective until July 21, 1941, over two months after the last contract was entered into. The amended petition alleges and the evidence discloses no facts other than the contract in question, showing an agreement or understanding between the parties concerning the character of employment of petitioner after July 21, 1941. There are no Illinois cases construing the Teacher Tenure Law and, therefore, this is a question of first impression

in this State. While a large number of authorities have been cited on both sides, most of them from other States, only a few of them are in point or helpful in determining the question at issue.

It seems to us that the language of the second paragraph of section 127¾, namely, "Whenever any teacher shall have been employed * * * for a probationary period of two consecutive years," has reference to the character of the employment rather than to the time of the employment. This specific question was decided adversely to the contentions of petitioner under a very similar statutory provision and upon facts almost identical to those now before us, in the case of *Carter* v. *Kalamejski,* 8 N. Y. S. 926, affirmed in 280 N. Y. 803, 21 N. E. 2d 692.

For these reasons, we believe it cannot be said from the pleadings and evidence that petitioner was employed for a "probationary period" within the meaning of the Teacher Tenure Law, and that she has not served a probationary period which is a prerequisite to contractual continued service. We feel that petitioner could not be employed for a probationary period, as required by section 127¾ of said statute, by contract made more than three months before the act became effective, and in which, by its terms, no intention was expressed or implied that such employment should be for a probationary period under the terms of the statute relied on. However, as to all contracts of employment entered into after the Teacher Tenure Law became in full force and effect, we feel free to say that such agreements shall be considered as for a probationary period, and any teacher employed thereunder as a full time teacher shall be deemed to enter upon contractual continued service, subject only to the terms of such act.

Counsel for petitioner complain that the trial court erred in sustaining defendants' motion for judgment at the close of petitioner's evidence. In fact, counsel claim that the trial court had no right to consider defendants'

motion for judgment at the close of petitioner's evidence, and say that defendants' motion amounted to a demurrer to the evidence and should not have been considered, and cite the case of *Van Amburg* v. *Reynolds*, 372 Ill. 317, 319. An examination of this case, however, shows it is a chancery case and that the court is there announcing the rule in equity. The case at bar is a *mandamus*. case, and, therefore, a law case and this rule is not applicable. A motion to find for the defendant in a trial before the court without a jury concerns solely the sufficiency of the evidence to sustain a finding against the defendant and, therefore, raises only a question of law. The allowance of the motion, however, is not an adjudication of the issues of fact. (*John Deere Plow Co.* v. *Carmer*, 350 Ill. 104, 108; *Helm* v. *Commercial Men's Ass'n*, 279 Ill. 570; *Wolf* v. *Chicago Sign Printing Co.* 233 Ill. 501.) In the *Helm case*, 279 Ill. 570, at page 575, we said: "There is no dispute in this case as to the facts. Appellee introduced no evidence whatever. In a trial before the court without a jury a legal question, only, is raised by demurring to the evidence. The same question may be raised by submitting a proposition to the court or by a motion to find for the party. A motion to find for the defendant and to dismiss the suit at the plaintiff's cost raises the same legal questions as a demurrer to the evidence by the defendant in a trial before the court. (*Conway* v. *Garden City Paving Co.* 190 Ill. 89; *Smith* v. *Billings*, 169 id. 294; *McMicken* v. *Safford*, 197 id. 540.) If the court sustains the motion, judgment necessarily follows in favor of the party making the motion. The motion raises only a question of law as to the legal sufficiency of the evidence to sustain a verdict against the party making the motion. (*Wolf* v. *Chicago Sign Printing Co.* 233 Ill. 501.) If there is no evidence, or but a scintilla of evidence, tending to prove the material ultimate facts necessary to sustain the plaintiff's cause of action, such a motion by the defendant should be sustained;

but if there is in the record any evidence, although contradicted, which the court can reasonably say fairly tends to prove all the ultimate facts necessary to entitle the plaintiff to judgment, then the court should overrule the motion, unless there is also uncontradicted evidence in the record that establishes an affirmative defense for the defendant. (*Libby, McNeil & Libby* v. *Cook,* 222 Ill. 206.) Where evidence of an affirmative defense is offered by the plaintiff it is proper to sustain such a motion by the defendant, even though all the material facts necessary to sustain plaintiff's cause of action have been proven, if the evidence of the affirmative defense, is not contradicted or explained. (*Wallner* v. *Chicago Consolidated Traction Co.* 245 Ill. 148.)"

Petitioner's evidence does not make a record which the trial court could reasonably say fairly tended to prove all the ultimate facts necessary to entitle the petitioner to judgment. One of the ultimate facts necessary to enable petitioner to have judgment was that pleaded in paragraph 6 of her amended petition, that her employment was probationary. There is no evidence in the record tending to prove that material ultimate fact. The only evidence she produced was the two contracts, petitioner's exhibits 1 and 2, which the trial court held were not probationary contracts and which, it seems clear to this court, were not probationary contracts within the meaning of the Teacher Tenure Law. There is a further reason why the trial court properly sustained defendants' motion for judgment and that is as suggested by the latter part of the rule announced in the *Helm case.* The record shows, and the trial court, in its opinion, called attention to the fact that the answer of the defendants alleged, and that the petitioner admitted in her reply, that her employment by defendant school board was by virtue of the contract of May 4, 1940, and the contract of May 2, 1941, and was without any intention, express or implied, that such em-

ployment should be a probationary period under the terms of the statute relied on. The petitioner's own evidence proved an affirmative defense for the defendants and her evidence did not contradict or explain such affirmative defense. Petitioner alleged in her amended petition and in her reply that her employment became probationary automatically by operation of law. There was no evidence offered by petitioner to support this last allegation. There was no proof offered by the defendants in the trial court and, therefore, this case must depend entirely on the petitioner's evidence. The pleadings in the trial court raised this affirmative defense, both by defendants' answer and by petitioner's reply thereto. There was nothing in the contracts which were offered in evidence and nothing in the remainder of the petitioner's testimony and evidence that tended to show any intention, express or implied, of either petitioner or defendants, that her employment should be a "probationary period" under the terms and provisions of the Teacher Tenure Law. Under the law, the petitioner's admission, alone, would have entitled the defendants to a judgment upon the pleadings and the fact that petitioner was allowed on the hearing to present evidence certainly does not strengthen her position.

We are of the opinion that the trial court did not err in sustaining the motion of the defendants for judgment at the close of petitioner's case.

Finally, petitioner contends that the Teacher Tenure Law is made retroactive in terms to affect teaching employment contracts made prior to its enactment. The Teacher Tenure Law did not become effective until July 21, 1941, over two months after the last contract was entered into between the petitioner and defendants. The rule of statutory construction in this regard as laid down by this court is that a statute will be deemed to operate prospectively only, and will not be presumed to have retroactive operation unless the language employed is so clear

that it will admit of no other construction. (*People ex rel Kerner* v. *McKinley,* 371 Ill. 190, 196.) In *Friedman* v. *City of Chicago,* 374 Ill. 545, at page 550, we said: "Legislative enactments are, in the absence of express language otherwise declaring, construed as prospective and not retrospective." This was a *mandamus* case. The question arose as to whether an amendment of section 89 of the Local Improvement Act applied to bonds issued prior to its enactment, and we said, "There is nothing in the amendment to section 89 which indicates an intent on the part of the General Assembly that it shall operate retrospectively." The presumption in favor of the prospective operation of statutes is especially applicable where, if given a retrospective operation, it would be invalid as impairing the obligation of contracts or interfering with vested rights. *Hoyt Metal Co.* v. *Atwood,* 289 Fed. 453.

In *Schewe* v. *Glenn,* 302 Ill. 462, at page 466, this court said: "A statute tending to impair the obligation of a contract may be invalid as to contracts existing at the time of its passage but valid as to future contracts. The law existing at the time a contract is made becomes a part of it, and the constitutional provision has reference only to a statute enacted after the making of a contract. We believe these rules are universally applied by the courts. * * * The State, therefore, may legislate as to future contracts as it may see fit, and accordingly, if a law is prospective, only, it is valid." *Steele* v. *Rosehill Cemetery Co.* 370 Ill. 405.

We have examined the Teacher Tenure Law and we cannot say that this statute contains "clear language that will admit of no other construction" than that the legislature intended it to be retroactive. When the statute speaks of "a probationary period of two consecutive years, one of which shall be subsequent to the date that this Act shall take effect," the legislature no doubt meant that one of the years of probationary service that could be counted

toward acquiring "contractual continued service" was one year of service immediately prior to the effective date of the law, but that does not indicate a clear and unmistakable legislative intent that the year's service prior to the act should be "probationary" by virtue, alone, of the statute itself, as relator would have it. If that construction should be adopted, then the contract between the relator and the defendants entered into May 2, 1941, would be impaired in violation of the constitutional provision of the State and Federal constitutions.

A case quite similar in its facts is that of *Falligan* v. *School District No. 1 of Ravalli County*, 54 Mont. 177, 169 Pac. 803. Plaintiff was employed in May, 1911, to teach for the 1911-1912 school year. In September, 1912, she was re-employed for the 1912-1913 year. In March, 1913, and while she was teaching during the second contract of employment, the legislature passed the School Code which provided among other things: "After election of any teacher for the second consecutive year in any district such teacher shall be deemed re-elected from year to year thereafter unless the board of trustees shall by a majority vote of its members on or before the 1st day of May give notice in writing to such teacher that his services will not be required for the ensuing year." Some time prior to September 8, 1913, but after May 1, 1913, the school board designated a successor to plaintiff and this, in effect, removed her without giving the notice required by the foregoing section. The plaintiff claimed that she was entitled to the notice specified in the foregoing section and, not having received it, was deemed to be re-elected. The school board claimed that the statute not having been made retroactive it did not affect contracts made prior to its going into effect. In sustaining the school board's contention, the court said: "It cannot be said that she was re-engaged with the provisions and consequences of the section in mind, and to inject these provisions and conse-

quences into her contract made before the passage of the act is to materially alter the terms of that contract,—to give her something which she did not have, *viz:* an automatic renewal under certain circumstances. While no constitutional barriers other than those stated in section 11, article 3 of our Constitution exist to restrain retroactive legislation in this state, and while a certain amount of retrospection is necessarily involved in many of our laws, it is nevertheless a fundamental rule of construction that retroactive effect is not to be given to a statute unless commanded by its context, terms or manifest purpose. [Citing cases.] The material alteration in the terms of plaintiff's contract required by the contention here pressed is not a result which we can hold as within the contemplation of the section in question because it is not so commanded."

Defendants contend that if the Tenure Law is construed to be retroactive it will take away certain mutual rights and obligations of both the defendants and the petitioner. For instance, the second contract expired on June 1, 1942, and after that date petitioner was no longer required to teach and defendants were no longer required to avail themselves of her services. The effect of such construction would be that section 127¾ would change those terms of the contract and would substitute different rights and obligations, even though the act was passed two and one-half months after the contract was entered into. It would inject into her contract new provisions and consequences and materially alter the terms of that contract and would give her something which she did not have, *viz:* an automatic contractual continued service. Clearly at the time this contract was entered into on May 2, 1941, the parties could not have had such act in contemplation and could not have intended that they were entering into either a probationary period or into contractual continued service. If relator's contention is correct that permanent tenure may arise by operation of the law upon a contract entered

into prior to the passage of the act, then the effect of this act would be to impair the obligation of the contract, and this would be contrary to the law.

But counsel for petitioner, to avoid the effect of the argument that the law is retroactive, say that the tenure law is remedial in character and does not affect vested rights or impair contracts. However, in petitioner's brief, she speaks of "relator's rights," insists upon her right to a steady job, and in the amended petition she prays "for reinstatement of relator as a teacher," the placing of her name on the defendants' payroll, payment of accrued salary, etc. These words can refer only to "rights" and not to "remedy."

We believe, therefore, that the general rule of statutory construction above set forth should be applied to this act, that is, that it should be construed as prospective and not retroactive in its operation.

Under the prior decisions of this court, no person has a right to demand that he or she shall be employed as a teacher. The school board has the absolute right to decline to employ or to re-employ any applicant for any reason whatever. It is no infringement upon the constitutional rights of any future board to decline to employ a teacher in the schools. It is free to contract with whomsoever it chooses. Neither the constitution nor the statute places any restriction on this right and no one has any grievance which the court shall recognize simply because the board of education refuses to contract with him or her. *People ex rel. Fursman* v. *City of Chicago,* 278 Ill. 318.

In *People ex rel. Davidson* v. *Bradley,* 382 Ill. 383, which was a *mandamus* case to compel the Normal School Board of the State of Illinois to restore to their teaching positions two teachers at the State Teachers College at DeKalb, this court held that the Teacher Tenure Law which became effective July 21, 1941, could not apply to any of

the appellees in that case because it provides that at least one year of the probationary term shall be served after the act goes into effect. The question then to be determined is: What were the rights of the parties in the absence of the application of the recent statute? The court further said that no person has a right to demand that he or she shall be employed as a teacher, and reversed the decision of the superior court of Cook county which awarded the writs of *mandamus* to reinstate the teachers.

This court, in *Friedman* v. *City of Chicago,* 374 Ill. 545, said, "It is a matter so well settled as to need no citation of authorities, that one seeking a writ of *mandamus* must show a clear right to the writ." And in the following cases we have said that a petition for *mandamus* must set forth every material fact necessary to show that it is the duty of persons against whom the writ is sought to perform the act or acts sought to be compelled. *People ex rel. Parker* v. *Board of Appeals,* 367 Ill. 559; *People ex rel. Jacobi* v. *Nelson,* 346 Ill. 247; *People* v. *Bradley,* 382 Ill. 383.

Unless, therefore, petitioner has brought herself clearly within the provisions of the Tenure Law of July 21, 1941, she cannot recover.

Under the views herein expressed, it becomes unnecessary to determine the constitutional questions raised. The judgment of the circuit court in allowing defendants' motion for judgment at the close of petitioner's case and in denying her petition for *mandamus* was correct, and is affirmed.

*Judgment affirmed.*

Mr. JUSTICE MURPHY took no part in the consideration or decision of this case.